UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GARCIA HERRERA,<br><br>       Petitioner,<br><br>   v.<br><br>MICHAEL L. BENOV,<br><br>       Respondent. | Case No. 1:14-cv-01142-BAM-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 14)<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (DOC. 1), DISMISSING PETITIONER'S MOTION TO ANSWER AS MOOT (DOC. 13), AND DIRECTING THE CLERK TO CLOSE THE ACTION |

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on July 31, 2014, and on behalf of Respondent on September 29, 2014. Petitioner filed opposition to the motion, styled as a reply, on November 24, 2014.  Although the fourteen-day period for filing a reply has passed, no reply has been filed.

1

I.  Background

Petitioner, an inmate of the Taft Correctional Institution (TCI), challenges the forfeiture of forty-one days of good conduct time credit that Petitioner suffered as a result of prison disciplinary findings initially made at TCI in May 2014. An employee of the private company that managed TCI found that on or about April 15, 2014, Petitioner engaged in the prohibited conduct of possession of a manufactured weapon. (Motn., doc. 14-1 at 13-15.) Petitioner challenges the finding and seeks invalidation of the sanction. Petitioner raises the following claims in the petition: 1) because the disciplinary hearing officer (DHO) was not an employee of the Federal Bureau of Prisons (BOP) and thus lacked the authority to conduct the disciplinary hearing and make findings resulting in punishment, including disallowance of good time credit, Petitioner suffered a violation of his right to due process of law; and 2) because the DHO was not an employee of the BOP but rather was an employee of a private entity with a financial interest in the disallowance of good time credits, Petitioner's due process right to an independent and impartial decision maker at the disciplinary hearing was violated. (Pet., doc. 1 at 3-9.)

Respondent moves for dismissal of the petition as moot because the disciplinary charges were reheard via teleconference on August 26, 2014, by a certified disciplinary hearing officer of the BOP. At the rehearing, Petitioner admitted the violation. The BOP DHO found that Petitioner had committed the prohibited misconduct, and he assessed the same disallowance of good conduct time credit (forty-one days) as well as three months of disciplinary segregation. (Decl., doc. 14-1 at 2-3; doc. 14-1 at 17-20.)

## II. Mootness

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See, Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. 1, 18.

Here, documentation submitted by Respondent in support of the motion to dismiss demonstrates that the claims initially alleged by Petitioner are no longer in controversy. The charges were reheard by an officer who had the precise qualifications that Petitioner had alleged were required by principles of due process of law and the pertinent regulations. It is undisputed that the findings and sanctions that constituted the object of Petitioner's challenges in

the petition have now been superseded by the findings and sanctions of the certified BOP DHO.

When, because of intervening events, a court cannot give any effectual relief in favor of the petitioner, the proceeding should be dismissed as moot. <u>Calderon v. Moore</u>, 518 U.S. 149, 150 (1996). In the present case, it appears that the only relief that Petitioner sought was invalidation of the findings and associated sanctions. It has been demonstrated that the rehearing of the incident report by an indisputably qualified DHO has effectuated the relief sought by Petitioner.  Thus, it is no longer possible for this Court to issue a decision redressing the injury.

Petitioner argues that under some state decisional law, possessing a plastic knife that is as long as the one he was found to have possessed is not a dangerous weapon.  However, this authority does not determine the validity of discipline in a federal prison.

Petitioner argues that because the hearing was required to be held within twenty-four hours, the hearing was too late, and Petitioner thus remains entitled to relief.  Due Process entitles Petitioner to a hearing after receipt of advance written notice of the claimed violation; he is not entitled to a hearing within twenty-four hours.  <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-64 (1974).

However, even if Petitioner is objecting more generally to the delay between the initial hearing and the rehearing, Petitioner has not shown any prejudice from the delay.  At the rehearing, Petitioner admitted that he committed the violation.  (Doc. 14-1 at 17-20.)  It appears from the documentation attached to the motion

4

that Petitioner received all the procedural due process required by Wolff v. McDonnell, 418 U.S. 539 (1974).  Procedural due process of law requires that where the state has made good time subject to forfeiture only for serious misbehavior, then prisoners subject to a loss of good-time credits must be given advance written notice of the claimed violation, a right to call witnesses and present documentary evidence where it would not be unduly hazardous to institutional safety or correctional goals, and a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken.  Wolff v. McDonnell, 418 U.S. at 563-64.  Further, if the inmate is illiterate, or the issue so complex that it is unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, the inmate should have access to help from staff or a sufficiently competent inmate designated by the staff.  However, confrontation, cross-examination, and counsel are not required. Wolff, 418 U.S. at 568-70.  Where good-time credits are a protected liberty interest, the decision to revoke credits must also be supported by some evidence in the record.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

   Here, Petitioner's admission of responsibility precludes any claim of a lack of evidence to support the disciplinary finding. Likewise, the documentation shows that Petitioner received adequate notice; waived witnesses, staff representation, and presentation of evidence; and received a written statement of the decision.  (Doc. 14-1 at 17-20.)  In light of these circumstances, the Court concludes that Petitioner has not suffered any prejudice from either participation of non-BOP staffers in the earlier stages of the

5

disciplinary process or any delay experienced in the course of the rehearing process.

Generally, a failure to meet a prison guideline regarding a disciplinary hearing would not alone constitute a denial of due process. See Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989). In the absence of controlling authority, the Court notes that several courts have concluded that to establish a denial of due process of law, prejudice is generally required. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (proceeding pursuant to 28 U.S.C. § 2254); see also Tien v. Sisto, Civ. No. 2:07 cv-02436-VAP (HC), 2010 WL 1236308, at *4 (E.D.Cal. Mar. 26, 2010) (recognizing that while neither the United States Supreme Court nor the Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as well as courts in this district, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding, and citing Pilgrim v. Luther, 571 F.3d 201, 206 (2d Cir. 2009); Howard v. United States Bureau of Prisons, 487 F.3d 808, 813 (10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992); Poon v. Carey, no. Civ. S 05 0801 JAM EFB P, 2008 WL 5381964, *5 (E.D.Cal. Dec. 22, 2008); and Gonzalez v. Clark, no. 1:07 CV 0220 AWI JMD HC, 2008 WL 4601495, at *4 (E.D.Cal. Oct. 15, 2008)); see also Smith v. United States Parole Commission, 875 F.2d 1361, 1368-69 (9th Cir. 1989) (holding in a § 2241 proceeding that a prisoner, who challenged the government's delayed compliance with a procedural regulation that required counsel to be appointed before a record review in parole revocation proceedings, was required to demonstrate prejudice to be entitled to

habeas relief); <u>Standlee v. Rhay</u>, 557 F.2d 1303, 1307-08 (9th Cir. 1977) (stating that burden is on a parolee to demonstrate that failure to permit a witness's live testimony at a revocation hearing was so prejudicial as to violate due process).

In summary, the claims in the petition before the Court are no longer subject to redress by the Court.  Further, the factual accuracy of the findings on rehearing is undisputed, the record establishes that Petitioner received procedural due process of law, and there is no indication that Petitioner suffered any legally cognizable prejudice.  Petitioner has not asserted any factual or legal basis that would preclude a finding of mootness.

The Court thus concludes that the matter is moot because the Court may no longer grant any effective relief.  <u>See</u>, <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (holding that a habeas claim was moot where a former inmate sought placement in a community treatment center but was subsequently released on parole and no longer sought such a transfer); <u>Kittel v. Thomas</u>, 620 F.3d 949 (9th Cir. 2010) (dismissing as moot a petition seeking early release where the petitioner was released and where there was no live, justiciable question on which the parties disagreed).

Accordingly, the motion to dismiss the petition as moot will be granted.

III.  <u>Dismissal of Motion</u>

On October 23, 2014, Petitioner filed a motion referring to an answer but setting forth authority in support of the petition.  To the extent that Petitioner sought relief from the Court in the motion, the motion will be dismissed as moot.

IV. Disposition

Accordingly, it is ORDERED that:

1 Respondent's motion to dismiss the petition is GRANTED; and

2) The petition for writ of habeas corpus is DISMISSED as moot; and

3) Petitioner's motion to answer is DISMISSED as moot; and

4) The Clerk is DIRECTED to close the action.

IT IS SO ORDERED.

Dated: **December 11, 2014**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE